# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

EUGENE MILLER,

v.                                        CASE NUMBER: 9:20-CV-1276

AUBURN CORRECTIONAL
FACILITY, et. al.,

_____

### Order Directing Administrative Closure
### With Opportunity to Comply With Filing Fee Requirements

Plaintiff's complaint was received for filing in the Northern District of New York on

October 16, 2020, along with a completed inmate authorization form used  in actions

where a prisoner seeks leave to proceed in forma pauperis ("IFP").

A civil action is commenced in federal district court by filing a complaint.  Fed. R.

Civ. P. 3.  The statutory filing fee must be paid at the time an action is commenced unless

the plaintiff seeks IFP status.  28 U.S.C. §§ 1914(a), 1915(a).

Here, plaintiff has neither submitted an IFP application nor paid the filing fee for this

action.  If plaintiff wishes to proceed in this action, he must either file a complete IFP

application or pay the full filing fee of $400.00.

A "complete IFP application" is one that, _inter alia_, is accompanied by "a certified

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

6-month period immediately preceding the filing of the complaint . . ., obtained from the

appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. §

1915(a)(2).  In accordance with Rule 5.4 of the Local Rules of Practice for the Northern

District of New York, a prisoner seeking IFP status in a civil action may satisfy the statutory

requirements by submitting a completed, signed, and certified IFP application.  N.D.N.Y. L.R. 5.4(b)(1)(A).  A "certified" IFP application is one on which the certificate portion at the bottom of the form has been completed and signed by an appropriate official at the plaintiff's facility.  The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.  Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the Court's Local Rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in 28 U.S.C. § 1915(a)(2).[1]

WHEREFORE, it is hereby

ORDERED that, because this action was not properly commenced, the Clerk is directed to administratively close this action; and it is further

ORDERED that, if plaintiff desires to pursue this action, he must, **within 30 days** of the filing date of this Order, either (1) pay the $400.00 filing fee in full; or (2) submit a completed and signed IFP application;[2] and it is further

ORDERED that, upon plaintiff's compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

ORDERED that, in accordance with the Rule 10.1(c)(2) of the Court's Local Rules,

---

[1]  Upon compliance with the filing fee requirements, the Court must also consider the plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

[2]  As noted above, certified account statements may be submitted in lieu of the completed certificate portion of the IFP application.  28 U.S.C. § 1915(a)(2).

plaintiff shall promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address.  Plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff along with a blank IFP application.

**IT IS SO ORDERED**.

Dated: October 19, 2020

Brenda K. Sannes
U.S. District Judge

3